Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
P.O Box 630
Santa Barbara, CA 93102
Telephone: (805) 963-6711
Facsimile: (805) 965-0239
Attorneys for Plaintiffs Jon and Marie
Sorrell, and all others similarly situated

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| Sorrell, et al. and Southwest Exchange, Inc., et al.<br><br>v.<br><br>Snell & Wilmer, LLP and Patrick G. Byrne | Case No.: 08-CV-00761 RCJ-(LRL)<br><br>**[PROPOSED] ORDER GRANTING MOTION FOR PAYMENT OF ATTORNEYS FEES AND COSTS OUT OF SETTLEMENT PROCEEDS** |

WHEREAS, Settling Defendants Snell & Wilmer, LLP and Patrick G. Byrne (collectively, "Snell") entered into a settlement agreement (the "Settlement Agreement") to pay $3,100,000 to fully resolve, among other things, the above captioned matter filed against Snell by the clients of Southwest Exchange, Inc. ("SWX") as well as by the Receiver of SWX.

WHEREAS, on March 30, 2010, the Court issued an Order Preliminarily Approving the Settlement Agreement and setting April 9, 2010 as the deadline by which Hollister & Brace ("H&B") was required to issue the Court approved notice (the "Notice") to inform all potential class members of the terms of the Settlement Agreement and their rights related thereto, including their right to opt-out.

WHEREAS, proof that H&B issued the Notice as required by the Preliminary Approval Order has been filed with the Court.

WHEREAS, certain potential Settlement Class members opted-out of the Settlement Class, but thereafter withdrew their opt-outs and re-joined the Settlement Class. As a result, all potential Settlement Class members are actually Settlement Class Members.

WHEREAS, pursuant to the terms of the Fee Agreements entered into by H&B and each of its 54 clients, H&B requested the Court to award attorneys' fees based upon 25% of the Settlement Class' "Net Settlement".

WHEREAS, pursuant to an agreement between H&B and counsel for certain Plaintiffs in the related State Court Action pending before Judge Gonzalez, H&B agreed to request a fee equal to 25% of the Net Settlement, less the amount of fees that would have otherwise been paid by certain Settlement Class Members represented by Holland & Hart who paid for work which helped bring about the settlement. The fee otherwise attributable to those Exchangers totals $178,567. That amount is carved-out of the instant fee request for payment to the relevant Exchangers or their counsel.

WHEREAS, the Net Settlement is the gross portion of the Settlement contribution allocable to the Settlement Class ($3,100,000), less deductions for approved unreimbursed litigation costs and expenses, which, through April 30, 2010 total $3,983.12. Thus, the Settlement Class' Net Settlement is $3,096,016.88.

WHEREAS, the requested Class Counsel fee is 25% of that Net Settlement, or ($774,004.22), less the $178,567 carve-out, or $595,437.22.

WHEREAS, the Net Settlement ($3,096,016.88) less the requested fee ($595,437.22) and the noted $178,567 carved out, leaves $2,322,012.66 from the Class portion of the Settlement fund to be distributed to the Settlement Class Members. It is proposed that the $2,322,012.66 should be distributed to Settlement Class Members on a pro-rata basis with each Member receiving an amount calculated as follows:

$$\frac{(\text{Member's Loss Amount})[1]}{(\text{Total Members' Loss Amounts})} \times (\text{Amount Available for Distribution})$$

WHEREAS, Hollister & Brace's Motion for payment of fees and costs was supported by the Declaration of Michael P. Denver of H&B.

---

[1] Individual Exchangers' "Loss Amounts" are calculated based upon the amount of money deposited with SWX (or with SWX's affiliates or subsidiaries QES and Arrow 1031 Exchange, which, along with SWX, are collectively referred to herein as "SWX") by each client which was lost at the time of the failure of SWX.

NOW THEREFORE, based upon the submissions of the parties, the pleadings on file, the arguments of counsel and the lack of Objection by parties to this litigation or any other interested parties, the Court hereby GRANTS H&B's Motion regarding the reimbursement of Class Counsel's costs and the payment of a 25% contingency fee. The Court hereby FINDS that the fee request is fair, reasonable and appropriate. It is hereby ORDERED, ADJUDGED and DECREED that the payment of attorneys fees and costs are awarded as follows:

The Court finds that through April 30, 2010 reasonable unreimbursed costs of litigation benefitting the Settlement Class have been incurred by H&B in the amount of $3,983.12. The reimbursement of this amount out of the Settlement proceeds is approved and the QSF Administrator is directed to pay this amount to H&B as soon as practicable.

The Court approves the payment of a Class Counsel contingency fee equal to 25% of the Settlement Class' Net Settlement ($774,004.22 ), less $178,567 which shall be paid to Holland & Hart (as agreed by H&B), or $595,437.22. Payment of the approved Class Counsel fee shall be issued by the QSF Administrator out of the Settlement Class' portion of the Settlement proceeds to H&B as soon as practicable.

It is hereby ORDERED, ADJUDGED and DECREED that, as soon as practicable, Larry Bertsch shall distribute the remaining settlement proceeds, after accounting for the payment of the approved fees ($595,437.22), costs ($3,983.12), and the $178,567 carve-out, which remaining funds total $2,322,012.66, out of the QSF to Settlement Class Members on a *pro-rata* basis calculated as follows:

(Member's Loss Amount)/(Total of Members' Loss Amounts) x (Distribution Amount).

As soon as practicable, Mr. Bertsch shall submit an accounting to the Court demonstrating that the distribution of settlement funds was accomplished in conformity with this Order.

IT IS SO ORDERED.

Dated: August 3, 2010.

By: _____
The Hon. Robert C. Jones
United States District Court Judge

3

Robert L. Brace, Ca. Bar No. 122240
Michael P. Denver, Ca. Bar No. 199279
**HOLLISTER & BRACE**
P.O Box 630
Santa Barbara, CA 93102
Telephone: (805) 963-6711
Facsimile: (805) 965-0239
Attorneys for Plaintiffs Jon and Marie Sorrell, and all others similarly situated

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| Sorrell, et al. and Southwest Exchange, Inc., et al.<br><br>v.<br><br>Snell & Wilmer, LLP and Patrick G. Byrne | Case No.: 08-CV-00761 RCJ-(LRL)<br><br>[PROPOSED] ORDER GRANTING MOTION FOR PAYMENT OF ATTORNEYS FEES AND COSTS OUT OF SETTLEMENT PROCEEDS |
|---|---|

WHEREAS, Settling Defendants Snell & Wilmer, LLP and Patrick G. Byrne (collectively, "Snell") entered into a settlement agreement (the "Settlement Agreement") to pay $3,100,000 to fully resolve, among other things, the above captioned matter filed against Snell by the clients of Southwest Exchange, Inc. ("SWX") as well as by the Receiver of SWX.

WHEREAS, on March 30, 2010, the Court issued an Order Preliminarily Approving the Settlement Agreement and setting April 9, 2010 as the deadline by which Hollister & Brace ("H&B") was required to issue the Court approved notice (the "Notice") to inform all potential class members of the terms of the Settlement Agreement and their rights related thereto, including their right to opt-out.

WHEREAS, proof that H&B issued the Notice as required by the Preliminary Approval Order has been filed with the Court.

WHEREAS, certain potential Settlement Class members opted-out of the Settlement Class, but thereafter withdrew their opt-outs and re-joined the Settlement Class. As a result, all potential Settlement Class members are actually Settlement Class Members.

1

WHEREAS, pursuant to the terms of the Fee Agreements entered into by H&B and each of its 54 clients, H&B requested the Court to award attorneys' fees based upon 25% of the Settlement Class' "Net Settlement".

WHEREAS, pursuant to an agreement between H&B and counsel for certain Plaintiffs in the related State Court Action pending before Judge Gonzalez, H&B agreed to request a fee equal to 25% of the Net Settlement, less the amount of fees that would have otherwise been paid by certain Settlement Class Members represented by Holland & Hart who paid for work which helped bring about the settlement. The fee otherwise attributable to those Exchangers totals $178,567. That amount is carved-out of the instant fee request for payment to the relevant Exchangers or their counsel.

WHEREAS, the Net Settlement is the gross portion of the Settlement contribution allocable to the Settlement Class ($3,100,000), less deductions for approved unreimbursed litigation costs and expenses, which, through April 30, 2010 total $3,983.12. Thus, the Settlement Class' Net Settlement is $3,096,016.88.

WHEREAS, the requested Class Counsel fee is 25% of that Net Settlement, or ($774,004.22), less the $178,567 carve-out, or $595,437.22.

WHEREAS, the Net Settlement ($3,096,016.88) less the requested fee ($595,437.22) and the noted $178,567 carved out, leaves $2,322,012.66 from the Class portion of the Settlement fund to be distributed to the Settlement Class Members. It is proposed that the $2,322,012.66 should be distributed to Settlement Class Members on a pro-rata basis with each Member receiving an amount calculated as follows:

$$\frac{(\text{Member's Loss Amount})^1}{(\text{Total Members' Loss Amounts})} \times (\text{Amount Available for Distribution})$$

WHEREAS, Hollister & Brace's Motion for payment of fees and costs was supported by the Declaration of Michael P. Denver of H&B.

---

[1] Individual Exchangers' "Loss Amounts" are calculated based upon the amount of money deposited with SWX (or with SWX's affiliates or subsidiaries QES and Arrow 1031 Exchange, which, along with SWX, are collectively referred to herein as "SWX") by each client which was lost at the time of the failure of SWX.

NOW THEREFORE, based upon the submissions of the parties, the pleadings on file, the arguments of counsel and the lack of Objection by parties to this litigation or any other interested parties, the Court hereby GRANTS H&B's Motion regarding the reimbursement of Class Counsel's costs and the payment of a 25% contingency fee. The Court hereby FINDS that the fee request is fair, reasonable and appropriate. It is hereby ORDERED, ADJUDGED and DECREED that the payment of attorneys fees and costs are awarded as follows:

The Court finds that through April 30, 2010 reasonable unreimbursed costs of litigation benefitting the Settlement Class have been incurred by H&B in the amount of $3,983.12. The reimbursement of this amount out of the Settlement proceeds is approved and the QSF Administrator is directed to pay this amount to H&B as soon as practicable.

The Court approves the payment of a Class Counsel contingency fee equal to 25% of the Settlement Class' Net Settlement ($774,004.22 ), less $178,567 which shall be paid to Holland & Hart (as agreed by H&B), or $595,437.22. Payment of the approved Class Counsel fee shall be issued by the QSF Administrator out of the Settlement Class' portion of the Settlement proceeds to H&B as soon as practicable.

It is hereby ORDERED, ADJUDGED and DECREED that, as soon as practicable, Larry Bertsch shall distribute the remaining settlement proceeds, after accounting for the payment of the approved fees ($595,437.22), costs ($3,983.12), and the $178,567 carve-out, which remaining funds total $2,322,012.66, out of the QSF to Settlement Class Members on a *pro-rata* basis calculated as follows:

(Member's Loss Amount)/(Total of Members' Loss Amounts) x (Distribution Amount).

As soon as practicable, Mr. Bertsch shall submit an accounting to the Court demonstrating that the distribution of settlement funds was accomplished in conformity with this Order.

IT IS SO ORDERED.

Dated: August 3, 2010.            By: _____
                                      The Hon. Robert C. Jones
                                      United States District Court Judge

3